UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR, Sr.,

       Plaintiff,                          Case No. 06-10846

v.                                         HONORABLE AVERN COHN

VICTORIA A. ROBERTS, et al.,

       Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Richmond Brown Taylor's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan. The Court has reviewed plaintiff's complaint. For the reasons that follow, the complaint will be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff's complaint names three federal district judges in the Eastern District of Michigan as defendants. District courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). Under 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must on its own dismiss a complaint filed by a person who is not represented by an attorney and who does not pay the filing fee before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief.

### III. Discussion

Plaintiff claims that defendants erroneously dismissed several civil rights complaints that he filed under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief from the dismissal of his civil rights complaints.

Section 1983 grants state and local judges absolute immunity for their judicial acts. The doctrine of absolute judicial immunity serves to protect federal judges from injunctive relief as well as monetary damages. Federal judges are also immune from *Bivens* suits for equitable relief. Thus, defendants are immune from suit.

Plaintiff is also not entitled to injunctive relief against the defendants because he has failed to demonstrate an inadequate remedy at law. Plaintiff can appeal the dismissals of his civil rights complaints to the Court of Appeals for the Sixth Circuit, and therefore has a remedy.

Finally, plaintiff's complaint is also subject to dismissal because plaintiff has only made conclusory allegations that defendants improperly dismissed his prior civil rights actions.

## IV. Conclusion

For the reasons stated above, the complaint is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Additionally, an appeal from this order would be frivolous and therefore cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated: March 20, 2006         s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2006, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160